UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-60736-KMM

P&M CORPORATE FINANCE, LLC,

    Plaintiff,

v.

LAW OFFICES OF DAVID J. STERN, P.A., et al.,

    Defendants.
_____/

**OMNIBUS ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

This cause is before the Court on the motions to dismiss of Defendants David J. Stern ("Stern") and the Law of Offices David J. Stern, P.A. ("LODJS," and together with Stern, the "Stern Defendants") [D.E. 63]; Defendants DJSP Enterprises, Inc., DAL Group, LLC, and DJS Processing, LLC [D.E. 64]; Defendant Chardon Capital Markets, LLC ("CMM") [D.E. 74]; and Defendant Professional Title and Abstract Company of Florida, LLC ("PTA") [D.E. 76]. Each defendant moves to dismiss the Third Amended Complaint [D.E. 60-1] as an impermissible "shotgun pleading," among other reasons. For the reasons explained below, the motions are granted.

**I.  BACKGROUND**

This is an action to recover attorney's fees and costs pursuant to an indemnification agreement.[1] In its Third Amended Complaint, Plaintiff P&M Corporate Finance, LLC ("PMCF") asserts claims against the Stern Defendants for indemnification and breach of contract

---

[1] This action also seeks to set aside various allegedly fraudulent transfers. [*Id.* ¶¶ 2–3].

(Counts I–IV); against all defendants for violation of Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 *et seq*. (Counts V–VI); and against Stern and Defendants DJSP Enterprises, Inc., f/k/a Chardan 2008 China Acquisition Corp., DAL Group, LLC, DJS Processing, LLC, DAL Holding Company-DS, f/k/a DJS Servicing, LLC, and Professional Title and Abstract Company of Florida, LLC for tortious interference with contract (Count VII).

PMCF is a Michigan limited liability company with its principal place of business in Southfield, Michigan. [*Id*. ¶ 5]. LODJS was a Florida professional corporation that provided legal services and related non-legal support for residential mortgage foreclosures. [*Id*. ¶¶ 6, 15]. Stern founded LODJS in 1994 and was its sole owner until 2010. [*Id*. ¶¶ 7, 22].

This case centers on a letter agreement (the "Agreement"), dated June 11, 2007, pursuant to which PMCF agreed to provide LODJS with investment banking services related to the sale of its non-legal operations (the "Transaction"). [*Id*. ¶ 17]. These services included "(a) identifying opportunities for a [sale of LODJS's non-legal operations business]; (b) advising [LODJS] concerning such opportunities; and (3) as requested by [LODJS], participating on [LODJS]'s behalf in negotiations with respect to such Transaction." [D.E. 35-1].

The Agreement contains an indemnity provision that provides in relevant part:

> [LODJS] will indemnify and hold harmless [PMCF] . . . from and against all claims, losses, damages, liabilities, expenses and obligations (including, without limitation, attorneys' fees, costs, interest, judgments, awards, penalties, costs of third party consultants and experts, court costs and all amounts paid in investigation, defense or settlement of the foregoing) . . . which arise out of, are based upon or are related to . . . [PMCF]'s engagement under this Agreement or the rendering of services under this Agreement (including any services rendered prior to the date of this Agreement[.]

[*Id*.]

On January 15, 2010, the Transaction closed with an entity known as Chardan 2008 China Acquisition Corp, which simultaneously changed its name to DJSP Enterprises, Inc.

2

("Chardan"). [*Id*. ¶ 22]. After the Transaction closed, LODJS became the subject of an investigation by the Florida Attorney General's Office, which ultimately forced LODJS to wind down its business. [*Id*. ¶ 25].

About two years later, Chardan (and certain affiliates) sued a number of parties, including PMCF, for losses allegedly sustained in connection with the Transaction. [*Id*.] Ultimately, all of the defendants in that case, except for PMCF, settled with Chardan (and its affiliates) and were dismissed from the litigation. [*Id*. ¶ 26]. PMCF, meanwhile, obtained full summary judgment against Chardan. [*Id*. ¶ 30].

PMCF now seeks to recover all attorney's fees and costs incurred in defending the Chardan lawsuit. [*Id*. ¶ 40].

## II. DISCUSSION

The defendants move to dismiss the Third Amended Complaint in its entirety as an impermissible "shotgun pleading." In doing so, the defendants argue that the pleading fails to give them adequate notice of PMCF's claims, forcing them and the Court to sift through the facts presented to determine which allegations are relevant to which claims. The Court agrees. For that reason, the defendants' motions to dismiss are granted.

### A. Applicable Law

The allegations in a complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). A "shotgun pleading"— one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b). *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001). It forces the district court to sift

3

through the facts presented and decide for itself which are material to the particular claims asserted. *See Anderson*, 77 F.3d at 366–67. The Eleventh Circuit, as well as this Court, "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1297 n.9 (11th Cir. 2002) (citations omitted); *see also Yahav Enterprises LLC v. Beach Resorts Suites LLC*, No. 1:15-CV-22227-KMM, 2016 WL 111361, at *2 (S.D. Fla. Jan. 11, 2016); *Taft v. The Dade Cty. Bar Ass'n, Inc.*, No. 1:15-CV-22072-KMM, 2015 WL 5771811, at *2 (S.D. Fla. Oct. 2, 2015). In fact, the Eleventh Circuit recently reaffirmed its "thirty-year salvo of criticism aimed at shotgun pleadings," explaining that "[t]he most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–21 (11th Cir. 2015). Each of these categories share a unifying characteristic: "they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

      **B.**    **The Third Amended Complaint Is A Shotgun Pleading**

The Third Amended Complaint is a quintessential shotgun pleading that runs afoul of Rules 8(a) and 10(b). Like the first category of shotgun pleadings described in *Weiland*, each count of the Third Amended Complaint adopts the allegations of all preceding counts, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." For example, Count VII, which attempts to assert a tortious interference claim against Stern individually, incorporates by reference every antecedent allegation "as if fully set forth [t]herein." Paragraph 91 of that count alleges, "[t]o the extent that Stern is not an alter ego

4

of LODJS as alleged in Count IV of this Amended Complaint, Stern also took actions, as described above, for which there was no legal justification and intending to cause a breach of the Contract." Even though Count VII purports to carve out the alter ego allegations of Count IV, it still captures the identical alter ego allegations of Count II, which Count VII also adopts by reference. Additionally, by incorporating every preceding count by reference, Count VII incorporates factual allegations concerning the fraudulent transfer claims, which are entirely irrelevant to the tortious interference claim. In that way, Count VII exemplifies the deficiencies with the Third Amended Complaint as a whole and with most shotgun pleadings in general.

Paragraphs 72, 81, and 87 of Counts V, VI, and VII, respectively, are similarly problematic. Counts V–VII incorporate by reference the allegations of all preceding counts. The result is that each count is replete with factual allegations immaterial to that specific count, with material allegations buried beneath numerous irrelevancies. For instance, in paragraph 72 of Count V, which attempts to assert a fraudulent transfer claim against all defendants, PMCF restates the allegations set forth in paragraphs 1–71, thereby restating and reincorporating the prior four counts, none of which are directed at Defendant CCM.

The Court rejects PMCF's contention that its pleading is nonetheless sufficient because it identifies which claim corresponds to which defendant. By incorporating every preceding count by reference, the Third Amended Complaint incorporates factual allegations concerning preceding counts that are irrelevant to subsequent counts (e.g., Count VII). This is not a mere technicality, as PMCF contends. In evaluating the sufficiency of each count, the defendants and this Court are forced to sift through the facts presented to determine which allegations are relevant to a particular claim. Such shotgun pleading fails to give the defendants adequate notice of the claims asserted, and "divert[s] already stretched judicial resources into disputes that are

not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).

Accordingly, because the Third Amended Complaint fails to comply with Rules 8(a) and 10(b), the Court will dismiss the pleading in its entirety.

### III. CONCLUSION

For the foregoing reasons, it is ordered and adjudged that the defendants' motions to dismiss [D.E. 63–64, 74, 76] are granted. The Third Amended Complaint is hereby dismissed without prejudice. PMCF has 30 days from the date of this order to file an amended complaint curing the deficiencies described above.

The Clerk of Court is instructed to close this case. All pending motions, if any, are denied as moot.

Done and ordered in Chambers at Miami, Florida, this 16th day of March, 2016.

                                                  K. MICHAEL MOORE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

c:     Counsel of record