IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:15-cv-60736-MOORE-McALILEY

P&M CORPORATE FINANCE, LLC,

    Plaintiff,

v.

LAW OFFICES OF DAVID J. STERN, P.A., *et al.*

    Defendants.

_____

**LAW OFFICES OF DAVID J. STERN, P.A.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, the Law Offices of David J. Stern, P.A. ("LODJS"), answers as follows the correspondingly-numbered paragraphs of Plaintiff, P&M Corporate Finance, LLC's ("Plaintiff") Fourth Amended Complaint [D.E. 98]:

**PRELIMINARY STATEMENT[1]**

1. Admitted only that Plaintiff brings this action seeking damages, but denied that Plaintiff is entitled to same.

2. Admitted only that Plaintiff brings this action to set aside various transfers, but denied that Plaintiff is entitled to any relief.

3. Admitted only that Plaintiff brings this action to set aside various transfers, but denied that Plaintiff is entitled to any relief.

---

[1] Any undefined terms herein shall have the same meaning ascribed to them in the Fourth Amended Complaint.

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## **JURISDICTION, THE PARTIES AND VENUE**

4. Without sufficient knowledge to admit or deny the allegation in paragraph 4 of the Fourth Amended Complaint.

5. Admitted that LODJS was a professional association that did business in Miami-Dade and Broward counties.

6. Admitted.

7. Without sufficient knowledge to admit or deny the allegation in paragraph 7 of the Fourth Amended Complaint.

8. Without sufficient knowledge to admit or deny the allegation in paragraph 8 of the Fourth Amended Complaint.

9. Without sufficient knowledge to admit or deny the allegation in paragraph 9 of the Fourth Amended Complaint.

10. Without sufficient knowledge to admit or deny the allegation in paragraph 10 of the Fourth Amended Complaint.

11. Admitted.

12. Without sufficient knowledge to admit or deny the allegation in paragraph 12 of the Fourth Amended Complaint.

13. Admitted only that this Court has jurisdiction over this matter under 28 U.S.C. § 1332.

14. Admitted only that the venue is proper in Broward County, Florida under 28 U.S.C. § 1391(b).

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## GENERAL ALLEGATIONS

15. Admitted.

16. Admitted only that in 2007 Stern began considering the idea of selling the non-legal operations of his business after Plaintiff approached him.

### PMCF's Agreement to Provide Investment Banking Services

17. Admitted only that on or about June 11, 2007, LODJS and PMCF entered into the contract attached as Exhibit A to the Fourth Amended Complaint, and that such contract speaks for itself.

18. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 18 of the Fourth Amended Complaint, and that such contract speaks for itself.

19. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 19 of the Fourth Amended Complaint, and that such contract speaks for itself.

20. Admitted only that the contract attached as Exhibit A to the Fourth Amended complaint contains the language quoted in paragraph 20 of the Fourth Amended Complaint, and that such contract speaks for itself.

21. Admitted that, from approximately June 2007 through January 2010, PMCF provided sell-side investment banking services to LODJS, which culminated in the closing of a complex business transaction that included the sale of the non-legal foreclosure operations of LODJS, and thereafter continued to provide services to DJSP post-sale. Denied as to all other allegations that were not specifically admitted.

**The Transaction and Subsequent Litigation**

22. Admitted.

23. Denied that Stern entered into a services agreement with DJSP, DAL and DJS. Admitted that the agreement attached as Exhibit B to the Fourth Amended Complaint speaks for itself.

24. Denied.

25. Admitted that Stern was the sole shareholder of LODJS. Denied as to all other allegations that were not specifically admitted.

26. Denied.

27. Denied.

28. Without sufficient knowledge to admit or deny the allegations concerning what Kerry Propper's role with CCM was at any given time, but admitted that Mr. Propper was a member of BANA, and that Mr. Propper was one of DJSP's directors. Denied that Mr. Stern was individually a member of BANA.

29. Admitted that Stern was CEO of the acquired entities for a period of time, but denied as to all other allegations not specifically admitted.

30. Denied.

31. Admitted.

**LODJS Collects Substantial Fees During Its Wind-Down**

32. Admitted.

33. Admitted.

34. Admitted only that during the period of approximately 2011 through 2014, LODJS settled a number of the collection actions with its former clients, and that LODJS assigned the

proceeds of those sales to BA Note Acquisition, LLC, DAL Group, LLC, and DJS Processing, LLC on December 29, 2011.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## CAUSES OF ACTION

### COUNT I
Breach of Contract ― Indemnification
(<u>As to Defendant LODJS Only</u>)

40. The allegation set forth in paragraph 40 is a legal conclusion to which neither an admission nor a denial is appropriate.

41. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 41 of the Fourth Amended Complaint, and that such contract speaks for itself.

42. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 42 of the Fourth Amended Complaint, and that such contract speaks for itself.

43. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 43 of the Fourth Amended Complaint, and that such contract speaks for itself.

44. Admitted that, from approximately June 2007 through January 2010, PMCF provided sell-side investment banking services to LODJS, which culminated in the closing of a

complex business transaction that included the sale of the non-legal foreclosure operations of LODJS. Denied as to all other allegations that were not specifically admitted.

45. The allegations set forth in paragraph 45 of the Fourth Amended Complaint are legal conclusions to which neither an admission nor a denial is appropriate. Furthermore, the contract attached as Exhibit A to the Fourth Amended Complaint speaks for itself.

46. Denied.

47. Admitted.

48. Admitted only that LODJS received the letter attached as Exhibit D to the Fourth Amended Complaint, and that such letter speaks for itself. Denied as to all other allegations that were not specifically admitted.

49. Admitted only that the Stern Defendants settled with the plaintiffs and were dismissed from the DJSP Litigation, and that the terms of the settlement are confidential. Without sufficient knowledge to admit or deny other allegations that were not specifically admitted.

50. Admitted only that LODJS's attorneys sent the letter attached as Exhibit E to the Fourth Amended Complaint, and that such letter speaks for itself.

51. Admitted only that LODJS's attorneys sent the letter attached as Exhibit F to the Fourth Amended Complaint, and that such letter speaks for itself.

52. Admitted only that the order attached as Exhibit C speaks for itself.

53. Without sufficient knowledge to admit or deny the allegations made in paragraph 53 of the Fourth Amended Complaint, but denied that any such sums are subject to any indemnification obligations LODJS may have had under its agreement with PMCF.

54. Denied that LODJS has not paid PMCF for its expenses related to the Transaction, but admitted that LODJS has not paid PMCF for its attorneys' fees and costs incurred in defending the claims asserted against it in the DJSP Litigation.

55. Admitted only that LODJS received the letter attached as Exhibit D to the Fourth Amended Complaint, and that the letter speaks for itself.

56. Denied.

57. Denied.

## COUNT II
### Breach of Contract — Indemnification/Alter Ego
(As to Defendant Stern Only)

Plaintiff has not asserted any claims against LODJS in Count II; therefore, the allegations of paragraphs 58-71 are denied.

## COUNT III
### Breach of Contract — Failure to Obtain Release
(As to Defendant LODJS Only)

72. The allegation set forth in paragraph 72 of the Fourth Amended Complaint is a legal conclusion to which neither an admission nor a denial is appropriate.

73. Admitted only that on or about June 11, 2007, PMCF and LODJS entered into the contract attached as Exhibit A to the Fourth Amended complaint, and that such contract speaks for itself.

74. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 74 of the Fourth Amended Complaint, and that such contract speaks for itself.

75. Admitted that from approximately June 2007 through January 2010, PMCF provided sell-side investment banking services to LODJS, which culminated in the closing of a

complex business transaction that included the sale of the non-legal foreclosure operations of LODJS. Denied as to all other allegations that were not specifically admitted.

76. Denied.

77. Admitted.

78. Admitted only that the Stern Defendants settled with the plaintiffs and were dismissed from the DJSP Litigation, and that the terms of the settlement are confidential. Without sufficient knowledge to admit or deny other allegations that were not specifically admitted.

79. Admitted only that LODJS did not obtain the written consent of PMCF to settle the DJSP Litigation.

80. Admitted only that LODJS did not obtain a release of PMCF from the claims in the DJSP Litigation.

81. Denied.

82. Denied.

**COUNT IV**
Breach of Contract ― Failure to Obtain Release/Alter Ego
(As to Defendant Stern Only)

Plaintiff has not asserted any claims against LODJS in Count IV; therefore, the allegations of paragraphs 83-98 are denied.

**COUNT V**
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.105(1)(a) ― Actual Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

Plaintiff has not asserted any claims against LODJS in Count V; therefore, the allegations of paragraphs 99-115 are denied.

**COUNT VI**
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.105(1)(b)(1), (2) ―
Constructive Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

Plaintiff has not asserted any claims against LODJS in Count VI; therefore, the allegations of paragraphs 116-132 are denied.

## COUNT VII
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.106(1), (2) ─ Constructive Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

Plaintiff has not asserted any claims against LODJS in Count VII; therefore, the allegations of paragraphs 133-144 are denied.

## COUNT VIII
Tortious Interference with Contract
(As to the DJSP Defendants and Stern)

Plaintiff has not asserted any claims against LODJS in Count VIII; therefore, the allegations of paragraphs 145-163 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred because Plaintiff failed to substantially comply with the notice requirements of the contract attached as Exhibit A to the Fourth Amended Complaint in this action.

### Second Affirmative Defense

Plaintiff's claims are barred because it selected its own counsel, thereby depriving LODJS of its contractual rights to: (1) control the defense of the DJSP Litigation; and, (2) select counsel of its choice to defend Plaintiff in the DJSP Litigation.

### Third Affirmative Defense

Plaintiff's claims are barred because any damages it suffered in relation to the DJSP Litigation resulted primarily and directly from Plaintiff's bad faith or intentional misconduct.

### Fourth Affirmative Defense

Plaintiff's claims are barred because LODJS was not the proximate cause of any injury, loss or damages Plaintiff suffered.

### Fifth Affirmative Defense

LODJS is entitled to offset from the amount of any judgment ultimately rendered in Plaintiff's favor the amount of any judgment rendered in LODJS's favor under its counterclaim in this action.

### Sixth Affirmative Defense

Plaintiff's claims are not ripe because it has not exhausted in the DJSP Litigation its claims for the same damages it seeks in this case.

### Seventh Affirmative Defense

LODJS is entitled to offset from the amount of any judgment ultimately rendered in Plaintiff's favor in this case the amount of any fee award rendered in Plaintiff's favor in the DJSP Litigation.

### Eighth Affirmative Defense

LODJS is entitled to offset from the amount of any judgment ultimately rendered in Plaintiff's favor in this case the amount of any settlement proceeds it has received from any other Defendant in this case.

### COUNTERCLAIM

Defendant/Counter-Claimant, the Law Offices of David J. Stern ("LODJS"), sues Plaintiff/Counter-Defendant P&M Corporate Finance, LLC's ("PMCF"), and alleges as follows.

1. This is an action for declaratory relief and for damages in excess of $75,000.00, exclusive of costs and interest.

2. PMCF is a Michigan limited liability company with its principal place of business in Southfield, Michigan.

3. LODJS was a Florida professional association that maintained its principal place of business in Broward County, Florida.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1367, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the counterclaims occurred in Broward County, Florida.

6. All conditions precedent to the maintenance of this civil action, if any, have occurred, been performed, or have been waived.

7. LODJS has retained the undersigned firm to represent it in this action and has agreed to pay it a reasonable fee for its services.

**GENERAL ALLEGATIONS**

8. LODJS was a Florida professional association that provided legal services and related non-legal support for residential mortgage foreclosures, including related issues such as residential foreclosure processing, bankruptcy, eviction, second lien monitoring, and real estate closings.

9. PMCF is a financial and investment advisory firm that provides investment banking services to companies throughout North America and Europe.

10. On or about June 11, 2007, LODJS contracted PMCF to provide sell-side investment banking services to LODJS in connection with the sale of the non-legal operations of LODJS's business (the "Transaction"). A copy of the contract ("Contract") between LODJS and

11

PMCF is attached to PMCF's Fourth Amended Complaint as Exhibit A.

11. Specifically, LODJS engaged "PMCF as its exclusive advisor for the purposes of (a) identifying opportunities for a Transaction . . . ; (b) advising [LODJS] concerning such opportunities; and (c) as requested by [LODJS], participating on [LODJS]'s behalf in negotiations with respect to such Transaction." In exchange for its investment banking services, PMCF would receive a fee equal to 1.5% of the purchase price of the LODJS assets up to $250 million, plus 2.5% of the purchase price in excess of $250 million.

12. From approximately June 2007 through January 2010, PMCF provided sell-side investment banking services to LODJS. Such services included developing a revenue recognition policy and a revenue recognition model (collectively, the "Revenue Recognition Model"), which would partially determine the business's sales price.

13. In order to develop the Revenue Recognition Model, PMCF became fully immersed in LODJS's business. PMCF assigned a staff of individuals who worked on-site at LODJS's offices for months learning and conducting due diligence on every aspect of LODJS's business. LODJS did not in any way limit PMCF's access to LODJS's business, and at all times was entirely forthcoming with PMCF's requests for information.

14. On or about January 15, 2010, LODJS sold its non-legal foreclosure operations to Chardan 2008 China Acquisition Corp., which, contemporaneously with the closing of the Transaction, became known as DJSP Enterprises, Inc. ("DJSP"). PMCF structured the complex Transaction which the parties memorialized in a Master Acquisition Agreement attached hereto as Exhibit A.

15. As a result of the Transaction, PMCF received a fee of approximately $1.4 million as compensation under the Contract.

16. On or about January 3, 2012, PMCF (along with a number of other parties involved in the Transaction) sued LODJS, Stern and PMCF in connection with the Transaction in Broward County, Florida state court action entitled *DJSP Enterprises, Inc. v. David J. Stern, et al.*, Case No. 12-00096 (the "DJSP Litigation"). A copy of the latest version of the Complaint in the DJSP Litigation is attached hereto as Exhibit B.

17. The crux of the plaintiffs' complaint in the DJSP Litigation was that PMCF made material misrepresentation in the Revenue Recognition Model it prepared, which induced DJSP to enter into the Transaction. Plaintiffs also alleged that the Revenue Recognition Model and certain financial statements PMCF prepared violated generally accepted accounting principles which served to artificially inflate the revenue of the non-legal operations of LODJS's business.

18. In or about May 2014, after years of extensive litigation, LODJS and David J. Stern settled all claims against them in the DJSP Litigation pursuant to a confidential settlement agreement. From the time DJSP Litigation began, until the time it was settled, LODJS incurred substantial costs and attorneys' fees defending the DJSP Litigation.

## COUNT I - NEGLIGENCE

19. LODJS realleges paragraphs 1 through 18 above.

20. PMCF owed LODJS a duty to prepare an accurate Revenue Recognition Model.

21. PMCF breached its duty owed to LODJS by creating, and presenting to DJSP a Revenue Recognition Model and financial statements which did not accurately represent the financial status of LODJS's non-legal operations.

22. As a direct, foreseeable, and proximate result of PMCF's breach of its duties owed to LODJS, LODJS suffered substantial damages, including substantial sums incurred in defending the DJSP Litigation.

WHEREFORE, LODJS demands judgment against PMCF for damages, together with pre- and post-judgment interest, attorneys' fees and costs, and any other and further relief this Court deems just and proper.

## COUNT II - COMMON LAW INDEMNIFICATION

23. LODJS realleges paragraphs 1 through 18 above.

24. LODJS did not prepare the Revenue Recognition Model or financial statements, but instead relied on PMCF to do so.  Thus, LODJS was without fault for the acts alleged in the DJSP Litigation, and its liability for the claims alleged in the DJSP Litigation was vicarious and solely for PMCF's wrongs in relation to PMCF's preparation of the Revenue Recognition Model.

25.  PMCF was responsible for preparing, and did in fact prepare the Revenue Recognition Model and financial statements which LODJS presented to DJSP in connection with the Transaction.  Therefore, PMCF was solely at fault for the acts alleged in the DJSP Litigation.

26. A special relationship existed between PMCF and LODJS inasmuch as LODJS engaged "PMCF as its exclusive advisor for the purposes of (a) identifying opportunities for a Transaction . . . ; (b) advising [LODJS] concerning such opportunities; and (c) as requested by [LODJS], participating on [LODJS]'s behalf in negotiations with respect to such Transaction."

WHEREFORE, LODJS demands judgment in its favor for the fees and costs it incurred defending the DJSP Litigation.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Counsel for David J. Stern, The Law Offices of David J. Stern, P.A., and BA Note Acquisition, LLC*
1450 Brickell Ave., Suite 2300
Miami, FL 33131
Telephone: (305) 350-7210
Facsimile: (305) 351-2234

By */s/ Jose M. Ferrer*
   **Jose M. Ferrer, Esq.**
   Florida Bar No. 173746
   jferrer@bilzin.com
   **Yasmin Fernandez-Acuña, Esq.**
   Florida Bar No. 117372
   yfernandez-acuna@bilzin.com
   eservice@bilzin.com

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2016, the foregoing was served via electronic mail on all counsel of record.

| | |
|---|---|
| Glen J. Waldman, Esq.<br>gwaldman@waldmanlawfirm.com<br>Craig J. Trigoboff, Esq.<br>ctrigoboff@waldmanlawfirm.com<br>**WALDMAN TRIGOBOFF HILDEBRANDT MARX & CALNAN, P.A.**<br>500 East Broward Boulevard, Suite 1700<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 467-8600<br>Facsimile: (954) 467-6222<br><br>*Counsel for Plaintiff* | Robert Einhorn, Esq.<br>reinhorn@zarcolaw.com<br>**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**<br>100 Southeast Second Street<br>Suite 2700 Miami Tower<br>Miami, Florida 33131<br>Telephone:   (305) 374-5418<br>Facsimile:    (305) 374-5428<br><br>*Counsel for DJSP Enterprises, Inc., DAL Group, LLC, DJS Processing, LLC, BA Note Acquisition LLC, Professional Title and Abstract Company of Florida, LLC, and DAL Holding Company DS* |
| Raymond W. Henney, Esq.<br>rhenney@honigman.com<br>Michael P. Hindelang, Esq.<br>mhindelang@honigman.com<br>Gabriel E. Bedoya, Esq.<br>gbedoya@honigman.com<br>**HONIGMAN MILLER SCHWARTZ AND COHN LLP**<br>660 Woodward Avenue, Suite 2290<br>Detroit, Michigan 48226<br>Telephone: (313) 465-7412<br>Facsimile: (313) 465-7413<br><br>*Co-counsel for Plaintiff* | Linda Worton Jackson, Esq.<br>jackson@salazarjackson.com<br>**SALAZAR JACKSON, LLP**<br>2000 Ponce de Leon Boulevard<br>Penthouse Suite<br>Coral Gables, Florida 33134<br>Telephone:   (305) 374-4848<br>Facsimile:    (305) 397-1021<br><br>*Counsel for Chardan Capital Markets* |

By:   */s/ Jose M. Ferrer*
      Jose M. Ferrer