IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:15-cv-60736-MOORE-McALILEY

P&M CORPORATE FINANCE, LLC,

    Plaintiff,

v.

LAW OFFICES OF DAVID J. STERN, P.A., *et al.*

    Defendants.

_____

## DAVID J. STERN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, David J. Stern ("Stern"), answers as follows the correspondingly-numbered paragraphs of Plaintiff, P&M Corporate Finance, LLC's ("Plaintiff") Fourth Amended Complaint [D.E. 98]:[1]

## PRELIMINARY STATEMENT

1.    Admitted only that Plaintiff brings this action seeking damages, but denied that Plaintiff is entitled to same.

2.    Admitted only that Plaintiff brings this action to set aside various transfers, but denied that Plaintiff is entitled to any relief.

3.    Admitted only that Plaintiff brings this action to set aside various transfers, but denied that Plaintiff is entitled to any relief.

---

[1] Any undefined terms herein shall have the same meaning ascribed to them in the Fourth Amended Complaint.

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## JURISDICTION, THE PARTIES AND VENUE

4. Without sufficient knowledge to admit or deny the allegation in paragraph 4 of the Fourth Amended Complaint.

5. Admitted that LODJS was a professional association that did business in Miami-Dade and Broward counties.

6. Admitted.

7. Without sufficient knowledge to admit or deny the allegation in paragraph 7 of the Fourth Amended Complaint.

8. Without sufficient knowledge to admit or deny the allegation in paragraph 8 of the Fourth Amended Complaint.

9. Without sufficient knowledge to admit or deny the allegation in paragraph 9 of the Fourth Amended Complaint.

10. Without sufficient knowledge to admit or deny the allegation in paragraph 10 of the Fourth Amended Complaint.

11. Admitted.

12. Without sufficient knowledge to admit or deny the allegation in paragraph 12 of the Fourth Amended Complaint.

13. Admitted only that this Court has jurisdiction over this matter under 28 U.S.C. § 1332.

14. Admitted only that the venue is proper in Broward County, Florida under 28 U.S.C. § 1391(b).

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## **GENERAL ALLEGATIONS**

15. Admitted.

16. Admitted only that in 2007 Stern began considering the idea of selling the non-legal operations of his business after Plaintiff approached him.

### **PMCF's Agreement to Provide Investment Banking Services**

17. Admitted only that on or about June 11, 2007, LODJS and Plaintiff entered into the contract attached as Exhibit A to the Fourth Amended Complaint, and that such contract speaks for itself.

18. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 18 of the Fourth Amended Complaint, and that such contract speaks for itself.

19. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 19 of the Fourth Amended Complaint, and that such contract speaks for itself.

20. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 20 of the Fourth Amended Complaint, and that such contract speaks for itself.

21. Admitted that, from approximately June 2007 through January 2010, Plaintiff provided sell-side investment banking services to LODJS, which culminated in the closing of a complex business transaction that included the sale of the non-legal foreclosure operations of LODJS, and thereafter continued to provide services to DJSP post-sale. Denied as to all other allegations that were not specifically admitted.

### The Transaction and Subsequent Litigation

22. Admitted.

23. Denied that Stern entered into a services agreement with DJSP, DAL and DJS. Admitted that the agreement attached as Exhibit B to the Fourth Amended Complaint speaks for itself.

24. Denied.

25. Admitted that Stern was the sole shareholder of LODJS. Denied as to all other allegations that were not specifically admitted.

26. Denied.

27. Denied.

28. Without sufficient knowledge to admit or deny the allegations concerning what Kerry Propper's role with CCM was at any given time, but admitted that Mr. Propper was a member of BANA, and that Mr. Propper was one of DJSP's directors. Denied that Mr. Stern was individually a member of BANA.

29. Admitted that Stern was CEO of the acquired entities for a period of time, but denied as to all other allegations not specifically admitted.

30. Denied

31. Admitted.

### LODJS Collects Substantial Fees During Its Wind-Down

32. Admitted.

33. Admitted.

34. Admitted only that during the period of approximately 2011 through 2014, LODJS settled a number of the collection actions with its former clients, and that LODJS assigned the

proceeds of those sales to BA Note Acquisition, LLC, DAL Group, LLC, and DJS Processing, LLC on December 29, 2011.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## CAUSES OF ACTION

### COUNT I
Breach of Contract ― Indemnification
(As to Defendant LODJS Only)

Plaintiff has not asserted any claims against Stern in Count I; therefore, the allegations of paragraphs 40-57 are denied.

### COUNT II
Breach of Contract ― Indemnification/Alter Ego
(As to Defendant Stern Only)

58. Admitted.

59. Denied.

60. Admitted that Stern was the sole shareholder of LODJS. Denied as to all other allegations that were not specifically admitted.

61. Denied.

62. Denied.

63. Without sufficient knowledge to admit or deny the allegations concerning what Kerry Propper's role with CCM was at any given time, but admitted that Mr. Propper was a

5

member of BANA, and that Mr. Propper was one of DJSP's directors. Denied that Mr. Stern was individually a member of BANA.

64. Admitted that Stern was CEO of the acquired entities for a period of time, but denied as to all other allegations not specifically admitted.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT III
Breach of Contract — Failure to Obtain Release
(As to Defendant LODJS Only)

Plaintiff has not asserted any claims against Stern in Count III; therefore, the allegations of paragraphs 72-82 are denied.

## COUNT IV
Breach of Contract — Failure to Obtain Release/Alter Ego
(As to Defendant Stern Only)

83. Admitted only that on or about June 11, 2007, PMCF and LODJS entered into the contract attached as Exhibit A to the Fourth Amended Complaint, and that such contract speaks for itself.

84. Admitted only that the contract attached as Exhibit A to the Fourth Amended Complaint contains the language quoted in paragraph 84 of the Fourth Amended Complaint, and that such contract speaks for itself.

85. Admitted that from approximately June 2007 through January 2010, PMCF provided sell-side investment banking services to LODJS, which culminated in the closing of a complex business transaction that included the sale of the non-legal foreclosure operations of LODJS, and thereafter continued to provide services to DJSP post-sale. Denied as to all other allegations that were not specifically admitted.

86. Denied.

87. Admitted.

88. Admitted only that the Stern Defendants settled with the plaintiffs and were dismissed from the DJSP Litigation, and that the terms of the settlement are confidential. Without sufficient knowledge to admit or deny other allegations that were not specifically admitted.

89. Admitted only that LODJS did not obtain the written consent of Plaintiff to settle the DJSP Litigation.

90. Admitted only that LODJS did not obtain a release of Plaintiff from the claims in the DJSP Litigation.

91. Denied.

92. Admitted.

93. Admitted that Stern was the sole shareholder of LODJS. Denied as to all other allegations that were not specifically admitted.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

**COUNT V**
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.105(1)(a) — Actual Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

99. Denied.

100. Admitted that during the time LODJS was pursuing the Collected Fees, Stern was aware of the DJSP Litigation. Denied as to all other allegations that were not specifically admitted.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Admitted that Stern was CEO of the acquired entities for a period of time, but denied as to all other allegations that were not specifically admitted.

106. Denied.

107. Admitted that during the time LODJS was pursuing the Collected Fees, it was aware of the DJSP Litigation. Denied as to all other allegations that were not specifically admitted.

108. Admitted that LODJS became the subject of an investigation by the Florida Attorney General's office and eventually lost all of its major clients. Also admitted that LODJS began to wind down its business and ceased operations effective March 31, 2011. The remaining allegations set forth in paragraph 108 of the Fourth Amended Complaint contain legal conclusions to which neither an admission nor a denial is appropriate.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

### **COUNT VI**
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.105(1)(b)(1), (2) ―
Constructive Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

116. Admitted.

117. Admitted that during the time LODJS was pursuing the Collected Fees, Stern was aware of the DJSP Litigation. Denied as to all other allegations that were not specifically admitted.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Admitted that LODJS became the subject of an investigation by the Florida Attorney General's office and eventually lost all of its major clients. Also admitted that LODJS began to wind down its business and ceased operations effective March 31, 2011. Denied as to the allegations not specifically admitted.

124. Denied.

125. Admitted that during the time LODJS was pursuing the Collected Fees, Stern was aware of the DJSP Litigation. Denied as to all other allegations that were not specifically admitted.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## COUNT VII
Fraudulent Transfer under Uniform Fraudulent Transfer Act, § 726.106(1), (2) — Constructive Fraud
(As to the DJSP Defendants, CCM, BANA, and Stern)

133. Denied.

134. Admitted that during the time LODJS was pursuing the Collected Fees, Stern was aware of the DJSP Litigation. Denied as to all other allegations that were not specifically admitted.

135. Denied.

136. Denied.

137. Admitted that Stern was CEO of the acquired entities for a period of time, but denied as to all other allegations that were not specifically admitted.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

### COUNT VIII
Tortious Interference with Contract
(As to the DJSP Defendants and Stern)

This Count has been dismissed with prejudice as to Stern; therefore, no response is required.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's alter ego claims against Stern fail because "alter ego" is not a separate cause of action for which relief can be granted; rather, alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity.

### Second Affirmative Defense

Plaintiff's alter ego claims against Stern fail because Florida law expressly rejects "alter ego" as a basis for piercing the corporate veil.

### Third Affirmative Defense

Plaintiff's alter ego claims against Stern fail because Plaintiff has failed to allege, and cannot prove that LODJS was a sham to accomplish some ulterior purpose, evade some statute or to accomplish some fraud, or that LODJS was used for fraudulent or misleading purposes, particularly of creditors.

### Fourth Affirmative Defense

Plaintiff's alter ego claims fail because Plaintiff's alleged injuries were not caused by Stern's alleged fraudulent or improper use of LODJS, but by LODJS's alleged failure to indemnify and hold Plaintiff harmless under the terms of the Contract.

### Fifth Affirmative Defense

Plaintiff's claims are barred because any damages it suffered in relation to the DJSP Litigation resulted primarily and directly from Plaintiff's bad faith or intentional misconduct.

### Sixth Affirmative Defense

Plaintiff's fraudulent transfer claims against Stern are barred because Plaintiff cannot identify any transfers it seeks to avoid.

### Seventh Affirmative Defense

Plaintiff's fraudulent transfer claims against Stern are barred because Stern acted in good faith and gave reasonably equivalent value for any transfer received.

### Eighth Affirmative Defense

Plaintiff's fraudulent transfer claim against Stern are barred because any property LODJS allegedly transferred to Stern was transferred pursuant to valid and enforceable liens.

### Ninth Affirmative Defense

Plaintiff's fraudulent transfer claims against Stern are barred because Plaintiff had knowledge of, and acceded to Stern's security interest in the transferred property at the time of the transfer.

### Tenth Affirmative Defense

Plaintiff's claims are not ripe because it has not exhausted in the DJSP Litigation its claims for the same damages it seeks in this case.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Counsel for David J. Stern and the Law Offices of David J. Stern, P.A., and BA Note Acquisition LLC*
1450 Brickell Ave., Suite 2300
Miami, FL 33131
Telephone: (305) 350-7210
Facsimile: (305) 351-2234

By */s/ Jose M. Ferrer*
    **Jose M. Ferrer, Esq.**
    Florida Bar No. 173746
    jferrer@bilzin.com
    **Yasmin Fernandez-Acuña, Esq.**
    Florida Bar No. 117372
    yfernandez-acuna@bilzin.com
    eservice@bilzin.com

CASE NO. 0:15-cv-60736-MOORE-McALILEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2017, the foregoing was served via electronic mail on all counsel of record.

| | |
|---|---|
| Glen J. Waldman, Esq.<br>gwaldman@waldmanlawfirm.com<br>Craig J. Trigoboff, Esq.<br>ctrigoboff@waldmanlawfirm.com<br>**WALDMAN TRIGOBOFF HILDEBRANDT MARX & CALNAN, P.A.**<br>500 East Broward Boulevard, Suite 1700<br>Fort Lauderdale, Florida 33394<br>Telephone: (954) 467-8600<br>Facsimile: (954) 467-6222<br><br>*Counsel for Plaintiff* | Robert Einhorn, Esq.<br>reinhorn@zarcolaw.com<br>**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**<br>100 Southeast Second Street<br>Suite 2700 Miami Tower<br>Miami, Florida 33131<br>Telephone:   (305) 374-5418<br>Facsimile:    (305) 374-5428<br><br>*Counsel for DJSP Enterprises, Inc., DAL Group, LLC, DJS Processing, LLC, Professional Title and Abstract Company of Florida, LLC, and DAL Holding Company DS* |
| Raymond W. Henney, Esq.<br>rhenney@honigman.com<br>Michael P. Hindelang, Esq.<br>mhindelang@honigman.com<br>Gabriel E. Bedoya, Esq.<br>gbedoya@honigman.com<br>**HONIGMAN MILLER SCHWARTZ AND COHN LLP**<br>660 Woodward Avenue, Suite 2290<br>Detroit, Michigan 48226<br>Telephone: (313) 465-7412<br>Facsimile: (313) 465-7413<br><br>*Co-counsel for Plaintiff* | Linda Worton Jackson, Esq.<br>Jackson@salazarjackson.com<br>**SALAZAR JACKSON, LLP**<br>2000 Ponce de Leon Boulevard<br>Penthouse Suite<br>Coral Gables, Florida 33134<br>Telephone:   (305) 374-4848<br>Facsimile:    (305) 397-1021<br><br>*Counsel for Chardan Capital Markets* |

By:   _____*/s/ Jose M. Ferrer*_____
        Jose M. Ferrer